THE HOOSIER CONDENSED MILK CO., APPELLANT, *v.* DONER, APPELLEE.

(No. 187—Decided July 6, 1951.)

*Mr. Collis Gundy Lane* and *Mr. Richard Huggard,* for appellant.

*Messrs. Drury & Koch,* for appellee.

MIDDLETON, P. J. This is an appeal on questions of law from the Common Pleas Court of Van Wert Coun-

ty, Ohio, which court, at the conclusion of plaintiff's case, granted the motion of the defendant for judgment in his favor and dismissed plaintiff's amended petition.

The plaintiff's claim, set out in its amended petition, is one for damages against the defendant, Doner, growing out of an automobile collision.

Defendant, for his amended answer to plaintiff's amended petition, denies that the collision was due to any negligence on his part.

He annexes to his amended answer the following interrogatories to be answered by the plaintiff, to wit:

1. Was plaintiff insured against loss by reason of collision damage to said truck at the time said collision occurred?

2. (a). Was plaintiff paid a sum of money subsequent to the occurrence of said collision by any insurer by reason of said collision and alleged damage to its truck? (b) If so, what is the name and address of such insurer? (c) And, in what amount and (d) when was such payment made?

3. (a). Did plaintiff execute and deliver an assignment and transfer to such insurer of its claim or demand against defendant for damages to its truck growing out of the within collision, to the extent of the amount so paid? (b) If so, on what date or dates was such made and delivered to such insurer?

These interrogatories were answered by the plaintiff, as follows:

1. Yes.

2. (a) Yes.
   (b) Employers Fire Insurance Company.
   (c) $3,850.
   (d) May 3, 1947.

3. (a) Yes.
   (b) May 3, 1947.

On motion of defendant, Doner, The Employers Fire Insurance Company was made a party defendant and filed an answer.

In its amended answer, the insurance company states it had issued to the plaintiff its insurance policy in which it agreed to pay the plaintiff any loss or damage caused by collision of any automobile insured thereby with another object; that in the event of any payment thereunder the insurance company should be subrogated to all plaintiff's rights of recovery therefor against any person; that plaintiff should do whatever necessary to secure such rights; that one of the automobiles covered thereunder was the tractor described in plaintiff's amended petition; and that as a result of the collision described in plaintiff's amended petition the insurance company was obliged to and did pay the plaintiff the sum of $3,850, taking therefor a subrogation receipt and assignment from plaintiff. Then follows the prayer that the insurance company be subrogated to the extent of $3,850 to any recovery had therein by plaintiff.

Upon trial, the insurance policy and the instrument designated as a subrogation receipt were offered and received in evidence.

The insurance policy is numbered XF-2820101, and, in part, provides as follows:

"Coverage E-1—collision or upset. To pay for loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

The policy provides further, with reference to subrogation, as follows:

"19. Subrogation. Coverages A, B, D, E-1, E-2, F, G and H. In the event of any payment under this pol-

icy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

Plaintiff offered evidence to show the damages resulting from the collision to be $3,950, which exceeded by $100 the amount the insurance company was required to pay under the provisions of the insurance policy.

At the conclusion of plaintiff's evidence, the defendant, Doner, moved the court to dismiss the amended petition of plaintiff, for the reason that the evidence showed that the plaintiff is not the real party in interest, having assigned and transferred to another all claims and demands arising from or connected with the loss alleged in this action, and that the court direct a verdict in favor of the defendant, Doner. This motion was allowed by the court and a verdict for defendant was directed. From the judgment entered on that verdict this appeal is taken to this court.

The subrogation receipt shows on its face that it was given pursuant to the terms of the policy. To determine the force and effect of the receipt, resort must be had to the insurance policy, and to determine the intent of the parties at the time of the execution of the receipt, the receipt and the insurance policy must be considered together in the light of the circumstances existing at the time. 9 Ohio Jurisprudence, 404, Contracts, Section 177; *Starr Co.* v. *Columbia Broadcasting System, Inc.*, 68 Ohio App., 352, 36 N. E. (2d), 861.

The liability of the insurance company under the terms of the insurance policy is to pay the loss or damage suffered by the plaintiff in such an amount as the loss is in excess of the deductible amount, to wit, $100.

By the terms of the policy, payment of the amount

of the loss in excess of $100 was the limit of the liability of the insurance company under the terms of the policy, and the right of the insurer to subrogation or assignment of the insured's rights of recovery was limited to the amount paid by the company under the terms of the policy. Upon payment by the insurance company of the loss provided for in the policy, the insured was required to execute and deliver to the insurance company such papers and instruments as were necessary to secure such right of subrogation.

The receipt which the insured signed was in pursuance of the terms of the policy and it can not be presumed that the parties intended anything more than was required by the terms of the policy.

In construing contracts the construction to be followed is that which presupposes rational action. *Ohio Crane Co.* v. *Hicks,* 110 Ohio St., 168, 143 N. E., 388; *Krueger* v. *Schoenling Brewing Co.,* 82 Ohio App., 57, 79 N. E. (2d), 366; 9 Ohio Jurisprudence, 422, 423, Contracts, Sections 194, 195.

Following the rule of presupposed rational action, it will be assumed that the parties to the subrogation receipt were exercising reason and giving to the receipt a reasonable construction, and that the parties intended nothing more than the contract of insurance required.

The subrogation receipt transferred to the insurance company plaintiff's right of recovery to the extent and in the amount, and only to the amount, which was paid to the insured by the insurance company.

The plaintiff is the real party in interest, and the court erred in directing a verdict for the defendant and entering judgment thereon, and for this error, the judgment is reversed.

*Judgment reversed.*

JACKSON and GUERNSEY, JJ., concur.