BARTLETT, APPELLANT, *v.* NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLEE.

(No. 71-296—Decided January 18, 1972.)

*Mr. Robert H. Farber, Jr.,* and *Mr. Josiah H. Blackmore, II,* for appellant.

*Messrs. Crabbe, Newlon, Potts, Schmidt, Brown & Jones,* for appellee.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Plaintiff filed a complaint for declaratory judgment seeking a determination of the validity of a provision in

the uninsured motorists coverage of a policy issued to him by defendant which provided that any amount payable under such coverage should be reduced by the amount paid or payable under any workmen's compensation law.

Plaintiff alleged that he sustained injuries on or about August 3, 1966, when struck by an uninsured motor vehicle, and that he has received compensation with respect to such injuries under the Workmen's Compensation Law of Ohio. Defendant, by its answer, admitted issuance of the policy, the accident, and that defendant had been awarded workmen's compensation. Defendant denied certain allegations of the petition and made a counterclaim for declaratory judgment upon matters not pertinent to this appeal.

Both defendant and plaintiff filed motions for a judgment on the pleadings with respect to the issue of the validity of the policy provision that workmen's compensation received should be deducted from the amount payable under the uninsured motorists coverage of the policy. The Court of Common Pleas considered the motions as being the equivalent to motions for summary judgment and sustained the motion of defendant and overruled the motion of plaintiff and entered a judgment for defendant.

The policy provision in question is set forth in paragraph four of the complaint and is admitted by the answer, and reads as follows:

"6. Limits of Liability * * *

"(b) Any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an Insured under this coverage shall be reduced by * * *

"(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law * * *."

Plaintiff contends that R. C. 3937.18, as it read prior to its amendment in 1970, prohibited a setoff for workmen's compensation benefits, that the statute must be read in *pari materia* with R. C. 4509.20, and that the policy provision is contrary to public policy. Defendant contends

that to sustain plaintiff's position would result in retro-active application of R. C. 3937.18 (D) effective October, 1970, that a refusal to give effect to the policy provision would constitute a violation of the sanctity of contracts, that R. C. 3937.18, as it read prior to its amendment in 1970, did not preclude such a policy provision, and that the policy provision had been approved by the Department of Insurance.

R. C. 3937.18 (D), which became effective October 1, 1970, specifically precludes an exclusion or reduction in the amount of uninsured motorists coverage because of any workmen's compensation benefits payable. Obviously, that provision has no application in this case. The issue be-fore the court is whether the policy provision met the re-quirements of R. C. 3937.18 as it read at the time of the accident herein involved.

At that time, R. C. 3937.18 read as follows:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suf-fered by any person arising out of the ownership, main-tenance, or use of a motor vehicle shall be delivered or is-sued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state un-less coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 4509.20 of the Revised Code, under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to re-cover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further that, unless the named insured re-quests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same in-surer."

That section took effect with respect to policies issued or renewed on or after January 1, 1966. The date of issuance or renewal of the policy herein involved does not appear in the record, however, since the accident occurred in August 1966, and no issue is raised by defendant, we shall assume that R. C. 3937.18 applies to the policy.

The reference to R. C. 4509.20 merely relates to the limits and not the conditions of the required uninsured motor vehicle coverage. Approval by the superintendent of insurance is not controlling because the record does not indicate such approval and because the superintendent, in any event, could not, by approving provisions not meeting the requirements of the statute, vary the requirements of the statute. Thus, the issue before the court is whether the coverage afforded by the policy issued by defendant to plaintiff met the requirements of R. C. 3937.18. The coverage required thereby is:

"* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom * * *."

The effect of the policy provision involved is to reduce the uninsured motor vehicle coverage provided by the policy by the amount of any workmen's compensation received by the insured as a result of the injury caused by the operator of an uninsured motor vehicle. Under the Ohio collateral source rule, the insured would be entitled to recover damages from a negligent operator of an uninsured motor vehicle without reduction because of receipt of workmen's compensation for the same injuries. *Furnace Co.* v. *Shachovsky* (1924), 111 Ohio St. 791; *Pryor* v. *Webber* (1970), 23 Ohio St. 2d 104.

The provision of the policy providing for a reduction in the amount payable under the uninsured motor vehicle coverage because of the receipt of workmen's compensation benefits affords to the insured a lesser amount of damages under the coverage than he would be legally entitled to recover from the operator of the uninsured motor vehicle. We conclude that R. C. 3937.18 requires coverage

affording to the insured payment thereunder in an amount equal to the amount of damages he would legally be entitled to recover from the owner or operator of an uninsured motor vehicle within limits as set forth in R. C. 4509.20. Accordingly, the policy provision for deduction of the workmen's compensation benefits received is invalid because it does not provide the coverage required by R. C. 3937.18.

The parties have referred to an annotation in 24 A. L. R. 3rd 1369 upon the subject. There is no Ohio authority directly in point.

However, in *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, the Supreme Court held that uninsured motorists coverage was provided by a policy even though the insured failed to pay a separate premium required for such coverage by the insurance company. The Supreme Court stated, at page 163:

"The language of the statute makes the uninsured motorist coverage imperative in that it requires the insurer, as a condition to the issuance of a policy, to provide that coverage in the policy. * * * We therefore conclude that unless the insured expressly rejects such protection, the uninsured motorist coverage is provided for him by operation of law."

The case of *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, involved a situation where an insured had available uninsured motorist coverage under two policies of insurance and had recovered the full amount of coverage under one policy. Despite an "other insurance" clause in the policy, the Supreme Court held in the second paragraph of the syllabus as follows:

"Where an insured has uninsured motorist coverage available to him under two policies of insurance and has collected a portion of his damages from the primary insurer, but has not been indemnified to the full extent of his injury, he may collect for the balance of his damages, to the extent of its policy limits, from the secondary insurer."

After quoting the coverage requirements of R. C. 3937.18, the Supreme Court stated, at page 38:

"Given this express statutory purpose, we are of the

opinion that the uninsured motorist statute should be construed liberally in order to effectuate the legislative purpose that coverage be provided to persons injured through the acts of uninsured motorists. To permit an insurer, who provides uninsured motorist coverage, to avoid liability by an 'other insurance' clause in cases where other insurance is available to his insured would thwart that legislative intent. * * *''

Even if workmen's compensation benefit payments were to be considered in the same light as "other insurance," such benefit payments could be deducted only from total damages and not from the coverage afforded by the policy as is here attempted. See also *Mountel* v. *Hardware Dealers Ins. Co.* (1971), 26 Ohio App. 2d 105. As indicated above, however, we conclude that workmen's compensation benefit payments cannot be deducted either from total damages or from coverage.

The trial court erred in sustaining defendant's motion and in entering judgment for defendant. The assignment of error is well taken.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and remanded.*

Troop, P. J., and Reilly, J., concur.