509 P.2d 810 (1973)
NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Elizabeth Blanche HILLYER, Defendant-Appellant.
No. 72-156.
Colorado Court of Appeals, Div. II.
March 20, 1973.
As Modified on Denial of Rehearing April 10, 1973.
Certiorari Denied May 29, 1973.
*811 Wolvington, Dosh, DeMoulin, Anderson & Campbell, Laird Campbell, Denver, for plaintiff-appellee.
Jack R. Viders, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Defendant Hillyer was injured in an accident involving an uninsured motorist. Thereafter, she made claim against her own insurance carrier for damages proximately caused by the negligence of the uninsured motorist. The matter was submitted to arbitration which resulted in an award in defendant's favor for $7,150. The insurance carrier refused to pay defendant the entire sum awarded, contending that by the terms of the policy, it was entitled to a reduction from the sum awarded, in an amount equal to an award defendant had received in workmen's compensation benefits arising out of the same accident and injuries. The insurance company brought this declaratory judgment action to determine if it was entitled to reduce the award owing to defendant by the amount of the workmen's compensation award. The trial court allowed the reduction and rendered judgment in the sum of $3,000. The defendant appeals.
As a basis for its judgment, the trial court relied on a limitation clause in the insurance policy, which reads as follows:
"Limits of liability
. . . . . .
"(b) Any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is insured under this endorsement shall be reduced by . . .
(2) The amount payed and the present value of all amount payable on account of bodily injury under any workmen's compensation law, disability benefit law, or any similar law."
The issue presented to us is one of determining whether this clause in the insurance contract is contrary to public policy and thus void. We conclude that it is, and that defendant was entitled to the full award granted in arbitration.
Protection from loss caused by uninsured motorists is authorized in 1965 Perm.Supp., C.R.S.1963, 72-12-19. That section incorporates the minimum limits for bodily injury or death as set forth in the financial responsibility act. 1965 Perm.Supp., C.R.S.1963, 13-7-3(11). It is defendant's argument that the result of the contract provision that allows the carrier to set off benefits received from workmen's compensation is, in effect, the reduction of uninsured motorist coverage provided by the statute, in contravention of the established minimums. We agree that this is the result and that is why it is contrary to public policy.
There are two divergent lines of authority regarding this problem. See Annot., 24 A.L.R.3d 1359. However, considering public policy, as set forth in 1965 Perm.Supp., C.R.S.1963, 72-12-20, together with the incorporation of minimum limits for uninsured motorists' coverage comparable to those provided by the financial responsibility law, we find the better reasoned authorities to be those which prohibit a casualty insurance carrier from reducing its liability to a victim of an uninsured motorist by the amount of any workmen's compensation award. Bartlett v. Nationwide Mutual Insurance Co., 30 Ohio App.2d 145, 283 N.E.2d 658; Travelers Insurance Co. v. National Farmers Union Property and Casualty Co., Ark., 480 S.W.2d 585; Peterson v. State Farm Mutual Automobile Insurance Co., 238 Or. 106, 393 P.2d 651; Standard Accident Insurance Co. v. Gavin, 184 So.2d 229 (Fla.); Annot., 24 A.L.R.3d 1359.
It is argued by plaintiff that the sanction of the state has been given to this particular clause, in that it was approved *812 by the Insurance Commissioner of the State of Colorado before the policy was issued. The Commissioner, however, cannot by any of his actions vary the requirements of this statute or change the public policy of this state as determined by the legislature. Bartlett v. Nationwide Mutual Insurance Co., supra.
The total sum due the plaintiff was $7,150. The record indicates that defendant has already paid plaintiff the sum of $3,000. Judgment is reversed with directions to enter judgment in favor of plaintiff for the balance due in the sum of $4,150.
SILVERSTEIN, C. J., and DWYER, J., concur.