Cathy HALL, Plaintiff-Appellant,

v.

TRINITY UNIVERSAL INSURANCE COMPANY, Defendant-Appellee.

No. 82CA0245.

Colorado Court of Appeals, Div. I.

Nov. 4, 1982.

Rehearing Denied Dec. 2, 1982.

Certiorari Granted March 21, 1983.

Hamilton, Shand & McLachlan, P.C., Michael E. McLachlan, Thomas L. LeClaire, Durango, for plaintiff-appellant.

Wood, Ris & Hames, P.C., Stephen E. Connor, Mark R. Davis, Denver, for defendant-appellee.

COYTE, Judge.

Plaintiff, Cathy Hall, appeals the summary judgment entered against her on her claim against the defendant insurance company. We reverse.

This case appears before us on stipulated facts. Plaintiff attended a farm auction at which refreshments were being sold from a stand. The stand consisted of a vehicle insured by the defendant company under a policy of automobile insurance which included coverage for risks under the Colorado Auto Accident Reparations Act, § 10–4–701 et seq., C.R.S.1973 (the No Fault Act). The truck had an awning on its side which raised up to form an opening on the side of the vehicle so that refreshments could be served. As plaintiff was being served, the side, or awning of the truck that had been raised collapsed, striking plaintiff on the head and inflicting severe injuries upon her.

The policy of insurance provided that the company will pay, in accordance with the Colorado Auto Accident Reparations Act, personal injury protection benefits for certain expenses:

"incurred with respect to bodily injury sustained by an eligible insured person caused by an accident arising out of the use or operation of a motor vehicle *as a motor vehicle*." (emphasis supplied)

The trial court ruled that it did not "regard this occurrence as 'arising out of the use or operation of a motor vehicle as a motor vehicle.' There is not causal connec-

tion between the injury and the use of the motor vehicle as a motor vehicle."

Section 10–4–706, C.R.S.1973, defines the required coverages and § 10–4–707, C.R.S. 1973, prescribes the benefits payable under such section. Section 10–4–707(1)(c), C.R.S. 1973, provides:

"Accidental bodily injury arising out of accidents occurring within this state sustained by any other person while occupying the described motor vehicle with the consent of the insured or while a pedestrian, if injured in an accident involving the described motor vehicle."

"Pedestrian" is defined under § 10–4–703(9), C.R.S.1973, as "any person not occupying or riding in or upon a motor vehicle or machine operated by a motor or engine." *See also Smith v. Simpson,* 648 P.2d 677 (Colo.App.1982).

No place in the statute do we find the term used, "as a motor vehicle." This is a term supplied by the policy, and we conclude it constitutes an impermissible limitation on the coverage required under the Colorado Auto Accident Reparations Act. *See Farmers Insurance Exchange v. McDermott,* 34 Colo.App. 305, 527 P.2d 918 (1974). The insurance company cannot, by restricting the coverage specified by the statute, vary the requirements of the statute or change the public policy of this state as determined by the General Assembly. *Nationwide Mutual Insurance Co. v. Hillyer,* 32 Colo.App. 163, 509 P.2d 810 (1973).

Accordingly, since plaintiff was injured by the collapse of an awning which was an integral part of the truck, she, as a pedestrian standing beside the truck, was injured in an accident involving the insured motor vehicle and is entitled to the benefits required by the statute.

The summary judgment is reversed and the cause is remanded to the trial court for further proceedings.

PIERCE and KELLY, JJ., concur.