HAGEN, APPELLANT, *v.* J. C. PENNEY CASUALTY INSURANCE COMPANY, APPELLEE.

(No. 48082—Decided May 21, 1984.)

*Mr. A. P. Leary,* for appellant.

*Mr. Foster J. Fludine,* for appellee.

ANN MCMANAMON, J. Donald Scott Hagen, the appellant, was covered by a policy of insurance issued by the appellee, J. C. Penney Casualty Insurance Co. ("Penney"), on February 8, 1982, when he sustained extensive injuries in an automobile accident. Penney denied Hagen's claim on the underinsured provision of his insurance contract on the basis that the limits of the tortfeasor's insurance policy were identical to the limits of appellant's underinsurance coverage.[1]

Appellant filed a declaratory judgment action in the common pleas court and now brings a timely appeal from a summary judgment granted on behalf of appellee.[2]

It is not disputed that R.C. 3937.181 was in effect on the date of the accident and that its provisions are applicable to the case at bar.[3] This statute in conjunction with R.C. 3937.18 requires that automobile insurers offer underinsured motorist coverage in an amount up to the limits of uninsured coverage contained in a policy.

The definition of "underinsured" coverage is contained in R.C. 3937.181 (A):

"As used in this section, 'underinsured motorist coverage' means coverage in an automobile or motor vehicle liability policy protecting an insured against loss for bodily injury, sickness, or disease, including death, *where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are insufficient to pay the loss up to the insured's uninsured motorist coverage limits.*" (Emphasis added.)

The appellant posits that the underinsurance provision of his Penney policy has already been judicially determined to be ambiguous and, in line with *Portaro* v. *American Guar. & Liab. Ins. Co.* (N.D.Ohio 1962), 210 F. Supp. 411; and *Kitt* v. *Home Indemn. Co.* (1950), 153 Ohio St. 505 [41 O.O. 511], must be construed against the insurer.

In support of his proposition that ambiguity affects the underinsured policy terms at issue, appellant cites *Suvak* v. *Buckeye Union Ins. Co.* (May 15, 1980), Cuyahoga App. No. 41037, unreported. He also directs our attention to *Erie Ins. Group* v. *Tully* (June 6, 1983), Stark App. No. CA-6063, unreported. Both of these cases address a disparity between a tortfeasor's coverage and that of the insured claimant. No question is raised in either *Suvak* or *Erie* as to the insureds' entitlement to underinsured coverage, since the policy limits of the insureds' contracts were greater than those of the tortfeasors. Neither *Suvak* nor *Erie* addresses the issue of equal coverage which is before this court.

In *Suvak,* the insured's carrier sought to offset the amount its insured recovered from the tortfeasor's policy against the limits of Suvak's policy. This court found the provisions of the Suvak policy were ambiguous in that regard, and, citing *Bartlett* v. *Nationwide Ins. Co.* (1972), 30 Ohio App. 2d 145 [59

---

[1] The respective limits were fifty thousand dollars for each person and one hundred thousand dollars for each accident.

[2] "The trial court erred in granting summary judgment for defendant and denying summary judgment for plaintiff."

[3] On May 23, 1982, this provision was repealed and R.C. 3937.18 was amended. However, the altered wording of the statute does not affect the disposition of the instant case.

O.O.2d 1], that underinsured coverage was not subject to reduction by setoff.

J.C. Penney Casualty argues that its insured has failed to meet a threshold issue, which is whether or not appellant is an "underinsured" as defined in R.C. 3937.181(A) and under the terms of his policy. It is appellee's position that in the present situation the law of setoff is inapplicable.

The contract provides the following definition of an underinsured motor vehicle:

" 'Underinsured motor vehicle' means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is *less than* the limit of liability for this coverage." (Emphasis added.)

In *Buckeye Union Ins. Co. v. Wallace* (March 27, 1981), Lucas App. No. L-80-146, unreported, the court of appeals held that a claimant was not entitled to underinsured coverage under a nearly identical provision in the policy which stated:

"Underinsured highway vehicle means a highway vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident *is less than the applicable limits of liability under this insurance * * *.*" (Emphasis added.)

The court ruled that this language was unambiguous and precluded coverage where the limits of the plaintiff's insurance policy were the same as the limits of the tortfeasor's policy or bond.

The reasoning of *Wallace* is persuasive. We find that the policy language in the instant case is unambiguous and is not in conflict with R.C. 3937.181. Since the limits of appellant's insurance policy and that of the tortfeasor are identical, appellant is not entitled to underinsured coverage. The

trial court did not err in granting summary judgment to appellee.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, P.J., and PATTON, J., concur.