BROWN, APPELLANT, *v.* ERIE INSURANCE COMPANY, APPELLEE.

(No. 51798—Decided December 29, 1986.)

*Thomas H. DeChant,* for appellant.
*Arter & Hadden, Ed E. Duncan* and *Wayne J. Belock,* for appellee.

*Per Curiam.* The plaintiff, Michelle Brown, appeals the summary judgment dismissal of her declaratory judgment action against the defendant, Erie Insurance Company ("Erie") by the court of common pleas. Brown asserts five assignments of error[1] which basically present two issues: whether she is entitled to underinsured motorist coverage under her policy with Erie and, if so, whether Erie is entitled to a "set-off" equal to the amount Brown received from the tortfeasor's policy. We will consolidate these alleged errors for review.

It is undisputed that on July 29, 1984, Brown, while a passenger on a motorcycle, was hit by an automobile whose driver ("the tortfeasor") carried a single limit, $50,000 insurance policy.

---

[1] See Appendix at 13-14.

Brown's policy with Erie, which included an underinsured motorist provision, provided coverage limits of $50,000 per person and $100,000 per accident. In compensation for their physical injuries, Brown and the motorcycle driver received $35,000 and $15,000, respectively, from the tortfeasor's insurance carrier. Thereafter, Brown filed a claim with Erie for underinsured coverage, which was denied. Brown then filed this action seeking a determination of rights under her policy with Erie. Following cross-motions for summary judgment, the trial court denied Brown's motion, granted summary judgment for Erie and precipitated this timely appeal.

Brown argues that she is entitled to underinsured coverage because the $35,000 she received from the tortfeasor's insurance carrier is less than the $50,000 limit in her policy with Erie. In response, Erie urges that the tortfeasor's policy limits were identical to Brown's policy limits and, thus, under *Hagan* v. *J.C. Penney Cas. Ins. Co.* (1984), 16 Ohio App. 3d 218, 16 OBR 234, 475 N.E. 2d 177, Brown is precluded from asserting a claim for underinsured coverage.

In *Hagan,* this court held that "[u]nderinsured motorists liability insurance precludes coverage where the limits of liability of the insured's policy are identical to the limits of the tortfeasor's policy." *Hagan, id.,* syllabus. However, the facts in *Hagan* are distinguishable from those before us today. In *Hagan,* the insured was the only individual injured by the tortfeasor. As a consequence, the tortfeasor's policy limits, which were identical to those of the insured, were not subject to division among numerous injured parties.

In the instant case, Brown is one of two injured parties, each of whom submitted claims against the tortfeasor's insurance policy. Furthermore, the two policies are not truly identical,

since the tortfeasor's single-limit policy only provides $50,000 coverage per accident. As a result of the multiple claims, Brown only received $35,000, $15,000 less than the limits of her insurance.

Brown's Erie policy defines an "underinsured motor vehicle" as "* * * one that has lower limits (from all liability policies including other than motor vehicle insurance, bonds, securities or self insurance plans applicable at the time of the accident) than the limits applicable at the time to one car under this Uninsured Motorist Coverage."

In strictly construing this language, it would appear that the tortfeasor was not an underinsured. However, the obligation of an insurance company to provide underinsured coverage is controlled by R.C. 3937.18 and any policy limitations are valid only if they comply with the purpose of the statute. See *Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593, 23 O.O. 3d 495, 433 N.E. 2d 547.

R.C. 3937.18(A)(2) provides, in pertinent part:

"Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident. * * *"

We find that the meaning of "* * * limits of coverage available for payment to the insured * * *" is ambiguous under the present fact situation. However, the Supreme Court has stated that:

"* * * Underinsured motorist coverage was first required by statute after the legislature discovered the 'underinsurance loophole' in *uninsured* motorist coverage — *i.e.,* persons injured by tortfeasors having extremely low liability coverage were being denied the same coverage that was being afforded to persons who were injured by tortfeasors having *no* liability coverage. Thus, the original motivation behind the enactment of R.C. 3937.181(C) was to assure that persons injured by an underinsured motorist would receive at least the same amount of total compensation that they would have received if they had been injured by an uninsured motorist." (Emphasis *sic*.) *James* v. *Michigan. Mut. Ins. Co.* (1985), 18 Ohio St. 3d 386, 389, 18 OBR 440, 443, 481 N.E. 2d 272, 274-275.

In light of this analysis of the legislative intent in requiring insurance companies to offer underinsured coverage, we hold that when, due to multiple claimants, the actual amount payable to an injured party under the tortfeasor's policy is less than the insured's policy limits, the tortfeasor is an underinsured. Accord *Knudson* v. *Grange Mut. Co.* (1986), 31 Ohio App. 3d 20, 31 OBR 34, 507 N.E. 2d 1155; *Malone* v. *Nationwide Mut. Ins. Co.* (Jan. 31, 1986), Erie App. No. E-85-3, unreported. Clearly, to hold otherwise would negate the policy decision of the General Assembly so that an injured party would be better off if struck by an uninsured motorist. Accordingly, the trial court erred in determining that the tortfeasor was not an underinsured motorist.

Having found that Brown may assert a claim for underinsured coverage, we must address her argument that the "set-off" provision in her insurance contract is ambiguous, thereby precluding Erie from deducting the $35,000 she received from the tortfeasor's policy from her $50,000 cover-

age limit. The disputed language clearly states that Erie's underinsured motorist payments will be reduced by any amount paid by those who are liable. We find the language complies with the criteria set forth in *James* v. *Michigan Mut. Ins. Co., supra.*

In light of the above, we hold that the trial court erred in granting Erie's motion for summary judgment and denying Brown's motion only as to the issue of whether the tortfeasor was an underinsured. However, the court properly granted Erie's motion and denied Brown's motion to the extent that the "set-off" provision is not ambiguous.

The judgment is reversed in part, affirmed in part and final judgment is entered accordingly.

*Judgment affirmed in part and reversed in part.*

PRYATEL, P.J., ANN MCMANAMON and PATTON, JJ., concur.

PRYATEL, P.J., concurring. I concur with the majority for the following reasons:

R.C. 3937.18(A)(2) provides:

(1) Underinsured motorist coverage in an amount equal to the protection of the automobile liability coverage.

(2) Protection for an insured against loss (where the limits of coverage available for payment to the insured covering persons liable to the insured, are less than the amount for the insured's uninsured motorist coverage).

It is undisputed that Brown's policy with Erie (under her underinsured provision) provides coverage of $50,000 per person and $100,000 per accident.

It is equally undisputed that the tortfeasor has a single *limit* of $50,000 insurance. (In effect, $50,000 per accident.)

To the extent that the tortfeasor lacked the protection of $100,000 per accident, his coverage is less than the amount of Brown's underinsured motorist coverage.

Hence, Erie (Brown's carrier for underinsured motorist coverage) must provide protection to Brown for $50,000 less any payment already made to her under the tortfeasor's personal injury liability coverage.

## Appendix

Appellant's assignments of error are:

### I

"The trial court erred in granting defendant's motion for summary judgment based upon the undisputed issues, thus, the judgment of the trial court is contrary to law."

### II

"The trial court committed error in granting judgment for defendant and against plaintiff on plaintiff's motion for summary judgment or in the alternative for judgment on the pleadings as plaintiff is entitled to judgment as a matter of law."

### III

"The trial court erred in ruling under the agreed and undisputed facts of this case that there was not a minimum of Fifteen Thousand Dollars ($15,000) additional coverage available to plaintiff under her Erie Insurance Company underinsured motorist policy."

### IV

"The trial court erred in its holding that a wrongdoer's Fifty Thousand Dollars ($50,000) single limit liability policy, which was reduced by the payment of Fifteen Thousand Dollars ($15,000) to another person injured in the same accident, provided to plaintiff insured the same coverage as

her Fifty Thousand Dollars ($50,000) /One Hundred Thousand Dollars ($100,000.00) underinsured motorist coverage, so that there was no underinsured motorist coverage available to plaintiff under her own policy for this accident."

V

"The trial court erred when it held that under Revised Code Section 3937.18[A](2), the underinsured motorist statute, that the language: '* * * limits of coverage available for payment to the insured * * *' should be interpreted to mean only the 'limits' stated in the declarations of the wrongdoer's liability policy and should ignore the language 'available for payment to the insured * * *' so that where a portion of the wrongdoer's total limits is paid to some other person, thereby reducing the amount available for payment to the insured, that the insured is not entitled to recover the difference between what she actually received from the wrongdoer's policy and her own underinsured motorist policy."