**Richard THIRY, as Trustee for the Heirs and Next of Kin of Kimberly Thiry, Appellant,**

v.

**HORACE MANN MUTUAL INSURANCE COMPANY, Respondent.**

No. 47948.

Supreme Court of Minnesota.

July 21, 1978.

Fredrikson, Byron, Colborn, Bisbee & Hansen, and John A. Satorius, Minneapolis, for appellant.

Taylor Law Firm, and Elmer W. Foster, Jr., Minneapolis, for respondent.

L. J. IRVINE, Justice.*

This is an action for a declaratory judgment in which plaintiff seeks to establish his right to recover under the "underinsured-motorist" coverage of his policy of automobile insurance with defendant. From the order of the district court denying his motion for summary judgment and granting the motion of defendant to dismiss the complaint on the ground that the action was premature and does not state facts upon which relief can be granted, plaintiff appeals. We affirm.

The action grew out of a three-car accident which occurred on November 29, 1974, on State Highway No. 65, about a mile south of Cambridge, Minnesota. Kimberly Thiry, daughter of plaintiff, was a passenger in one of the cars and was one of two persons killed as a result of the accident; five others were seriously injured. Several lawsuits were commenced by or on behalf of the dead and injured. It was generally agreed among the parties that the accident was caused by the negligence of Steven Erickson, who was driving a vehicle owned by his father, Gordon Erickson.

The Erickson automobile was insured by Auto Owners Insurance Company with policy limits for bodily injury liability of $50,-000 per person and $100,000 per accident. Plaintiff had an automobile that was insured by defendant, also with policy limits for bodily injury liability of $50,000 per person and $100,000 per accident. Auto Owners Insurance Company tendered the full amount of its policy limits of $100,000 to be divided among the plaintiffs in the various actions. After much negotiation among the parties, a settlement of all claims was agreed upon. Under the agreement, plaintiff, as trustee for the heirs and next of kin of Kimberly Thiry, received $15,750. Some of the surviving plaintiffs in the various actions who had been seriously injured received larger amounts. It was agreed by plaintiff and Auto Owners Insurance Company that the claim of plaintiff was worth more than $15,750. There was no provision for entry of judgment against the Ericksons, and the action of plaintiff was dismissed as to them.

Plaintiff commenced this action on October 1, 1975. Defendant, about 3 months after the settlement, moved to dismiss the complaint. Plaintiff takes the position that since the amount of the settlement does not nearly represent the value of his claim, he is

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

entitled to recover under the "underinsured-motorist" coverage of his policy with defendant.[1]

Minn.St.1971, § 65B.26(d), in effect at the time of this accident, provided as follows with respect to coverage which an insurer must offer:

"Beginning January 1, 1972, underinsured motorist coverage, whereby subject to the terms and conditions of such coverage the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of an automobile accident because the judgment recovered against the owner of the other vehicle exceeds the policy limits thereon, to the extent of the policy limits on the vehicle of the party recovering or such smaller limits as he may select less the amount paid by the liability insurer of the party recovered against. His insurance company shall be subrogated to any amounts it so pays, and upon payment shall have an assignment of the judgment against the other party to the extent of the money it pays."

Defendant also cites the case of *Lick v. Dairyland Ins. Co.* 258 N.W.2d 791 (Minn. 1977), as authority for the proposition that the tortfeasor in this case is not in fact underinsured. We agree.

In *Lick*, a mother and her son died as a result of injuries sustained in an automobile accident which was caused by the negligence of another driver. Both of the automobiles involved in the accident were insured for the minimum amounts of $10,000 per person and $20,000 per accident. The insurer for the tortfeasor paid to the trustee for the decedents the full amount of its policy limits of $20,000, after a stipulated judgment of $275,000 had been entered against the tortfeasor.

The trustee then brought suit against the decedent's insurance carrier, the defendant therein, for $20,000 in underinsured-motorist coverage. The trustee interpreted

§ 65B.26(d) to mean that when a judgment against another party exceeds that party's insurance coverage, the judgment creditor can recover from his own insurance carrier to the extent of his own underinsured-motorist coverage. In considering that position, this court said:

" * * * Contrary to plaintiff's argument, the statute does not provide that a motorist is 'underinsured' relative only to the judgment recovered against him. Rather, a motorist is underinsured relative to the limits of underinsured coverage for which the recovering party has contracted." 258 N.W.2d 793.

In the instant case, the Ericksons cannot be considered as "underinsured" since they have the same policy limits as does the plaintiff.

Affirmed.

OTIS J., took no part in the consideration or decision of this case.

---

1. Defendant at all times has denied that plaintiff had underinsured-motorist coverage. Plaintiff claimed that such coverage had never been offered to him as required by Minn. St.

1971, § 65B.26. Defendant, however, conceded arguendo that for the purpose of this appeal plaintiff had such coverage, with limits of $50,000 and $100,000.