AMERICAN GENERAL FIRE & CASU-
ALTY COMPANY, Appellant,

v.

Jerry OESTREICH et al., Appellees.

No. 5631.

Court of Civil Appeals of Texas,
Eastland.

June 4, 1981.

Rehearing Denied June 25, 1981.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Wade Hutto, Hutto & Lucksinger, Llano, for appellees.

McCLOUD, Chief Justice.

This case involves the construction of Tex.Ins.Code Ann. art. 5.06–1 (Vernon 1980), and certain insurance policy provisions providing for "underinsured" motorist coverage.

Insureds, Jerry Oestreich and wife, Doris Oestreich, individually and as next friends of their minor daughter, Julie Diane Oestreich, sued their insurer, American General Fire & Casualty Company, seeking recovery under the underinsured motorist provisions of their policy. The facts were stipulated. The trial court rendered judgment for the plaintiffs for $10,000. American General Fire & Casualty Company appeals. We reverse and render.

Julie Diane Oestreich and two passengers in her automobile were injured as a result of a collision with an automobile driven by Clyde Allen Dowdle. The accident was proximately caused by Dowdle's negligence. Julie Diane Oestreich's damages exceeded $20,000. Dowdle was covered by a liability policy issued by State Farm Insurance with maximum liability limits of $10,000 per person and $20,000 per occurrence. Plaintiffs settled their claim against Dowdle and received payment of $9,750 from his liability insurance carrier. The remainder of the $20,000 maximum coverage provided by Dowdle's insurance carrier was paid to or reserved for the two injured persons riding in the Oestreich automobile. The underinsured motorist provision of the policy issued by American General Fire & Casualty to Jerry Oestreich provides that liability will be limited to $10,000 per person and $20,000 per accident.

The insurer contends that Article 5.06–1 and its insurance policy clearly require that the underinsured policy limit ($10,000) be reduced by the amount ($9,750) plaintiffs received from Dowdle's liability insurance carrier. Plaintiffs argue that the $9,750 should be subtracted from the total damages the insured plaintiffs are entitled to recover from the tortfeasor (excess of $20,-000), and the difference is recoverable up to the underinsured policy limits ($10,000).

The problems encountered when a tortfeasor is "uninsured" or "underinsured" were discussed by this court in *Kemp v. Fidelity & Casualty Company of New York,* 504 S.W.2d 633 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.), *aff'd per curiam,* 512 S.W.2d 688 (1974). Following *Kemp,* the Legislature amended Article 5.06–1 to include "underinsured," in addition to "uninsured," motorist coverage.

Section 1 of Article 5.06–1 provides in part:

No automobile liability insurance (including insurance issued pursuant to an Assigned Risk Plan established under authority of Section 35 of the Texas Motor Vehicle Safety-Responsibility Act), covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, *in at least the limits described in the Texas Motor Vehicle Safety-Responsibility Act,* under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, or property damage resulting therefrom. (emphasis added)

The words "at least" contained in the above quote, and Section (3) of Article 5.06–1 unquestionably permit the insured to purchase uninsured and underinsured motorist coverage with higher limits than the statutory minimum.

Section 2(b) defines an underinsured motor vehicle as:

. . . an insured motor vehicle on which there is valid and collectible liability insurance coverage with limits of liability for the owner or operator which were originally lower than, or have been reduced by payment of claims arising from the same accident to, *an amount less than the limit of liability stated in the underinsured coverage of the insured's policy.* (emphasis added)

Section 5 of Article 5.06–1 reads:

The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage *in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.* (emphasis added)

The plaintiffs' policy states:

(c) Any amount payable under the terms of this insurance because of bodily injury or property damage sustained in an occurrence by a person who is an insured shall be reduced by . . .

(2) *the amount recovered or recoverable from the insurer of an underinsured motor vehicle.* (emphasis added)

■ We think it is clear that the word "reduced" contained in Section 5 modifies the phrase "an amount up to the limit specified in the policy," rather than modifying the opening phrase, "payment to the insured of all sums which he shall be legally entitled to recover." See *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 (1920).

■ The court in *Lick v. Dairyland Insurance Company*, 258 N.W.2d 791 (Minn. 1977), construed the Minnesota underinsured motorist statute, which is similar to the Texas statute, to require that the amount paid by the tortfeasor's liability insurance carrier should be deducted from the underinsured motorist coverage.

We hold that Article 5.06–1 and the insurance policy in question clearly provide that plaintiffs are entitled to the difference between the $9,750 which they received from the tortfeasor's insurance carrier and the $10,000 underinsured motor vehicle coverage which they elected to purchase.

Judgment of the trial court is reversed, and judgment is here rendered in favor of plaintiffs for $250 against defendant.