Bob A. MULLER, a/n/f James
Muller, Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 18071.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1981.

Ron Etzel, Farrer & Etzel, Pearland, for appellant.

William K. Luyties, Lorance & Thompson, Houston, for appellee.

Before BASS, WARREN and DOYLE, JJ.

BASS, Justice.

This is an appeal from the rendition of a summary judgment; the facts of the case are presented by stipulation of the parties. On or about November 25, 1978, appellants, Muller and his minor son, were involved in a vehicle-pedestrian accident in which the pedestrian minor son was struck and severely injured by a truck driven by an employee of Phillips & Son Wrecker Service ("Phillips"). At the time of the accident Phillips was covered by a $10,000 per person/$20,000 per accident personal injury liability policy with Fidelity and Casualty of New York; appellants were insured by a policy containing a $10,000 underinsured motorist provision with appellee, Allstate Insurance Company. While not stipulated as a fact. it appears in appellee's motion for summary judgment that appellants incurred damages in excess of $275,000. Ap-

pellants settled their claim against Phillips and received $10,000 from Fidelity and Casualty of New York. Appellants then sued appellee for recovery under the $10,000 underinsured motorist coverage provision in their policy, which was terminated in summary judgment for appellee.

The sole question of law on appeal involves construction of *Tex.Ins.Code Ann.* art. 5.06–1 et seq. (Vernon 1980) and the underinsured motorist coverage provision in the insurance contract between appellants and appellee. Appellee contends that art. 5.06–1 et seq., and the policy require that the underinsured coverage ($10,000 per person/$20,000 total liability limit) be reduced by the $10,000 that appellants received from Phillips' (such policy also having a $10,000 per person/$20,000 total liability) liability insurance carrier. Appellants contend that the $10,000 settlement from Phillips' carrier should be deducted from the total *damages* incurred by appellants. Under appellee's theory, appellant would recover nothing and under appellants' theory they would recover $10,000. That the amount of settlement should be deducted from any insurance recovery is not disputed; the issue is from *which* amount the settlement is to be deducted. Pertinent to disposition of this appeal is a determination of whether the underinsured motorist provision applies under these facts and if so, from which source the settlement is to be deducted.

Art. 5.06–1(2)(b) defines an underinsured motor vehicle to be:

... An insured motor vehicle on which there is valid and collectible liability insurance coverage with limits of liability for the owner or operator which were originally lower than, or have been reduced by payment of claims arising from the same accident, to an amount less than the limit of liability stated in the under insured coverage of the insured's policy.

Art. 5.06–1(b)(5) states that:

The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or oper-

ators of underinsured motor vehicles because of bodily injury or property damage in an amount up to the limit specified in the policy, reduced by the amounts recovered or recoverable from the insurer of the underinsured motor vehicle.

In addition, the insurance contract itself states, in pertinent part, that:

Any amount payable under the terms of this insurance ... shall be reduced by ... the amount recovered or recoverable from the insurer of an underinsured motor vehicle.

Although both parties stipulated that the above quoted contract tract provision reads " ... shall be reduced by ... the amount recovered or recoverable from the insurer of an *uninsured* motor vehicle", they also stipulated to a copy of the policy that set forth the above provision as requiring reduction of recovery from the insurer of an *underinsured* motor vehicle. The terms "underinsured" and "uninsured" have completely different meanings under the Insurance Code and in the policy itself. This conflict, however, is not controlling and does not raise any material fact question precluding rendition of summary judgment.

While the recent case of *American General Fire and Casualty Co. v. Oestreich*, 617 S.W.2d 833 (Tex.Civ.App.—Eastland 1981, no writ), is on point, the particular facts involved therein are slightly distinguishable from those of the present case. *Oestreich*, determined that settlement should be deducted from underinsured motorist policy *coverage* and not from damages, but it did not address the preliminary question of whether the underinsured motorist coverage provision applied *ab initio*. It seems clear that appellants' recovery under the underinsured motorist provision is defeated, not because of an equivalent offset from the coverage, but because Phillips was not "an underinsured motor vehicle" as defined by the Insurance Code and the policy.

As stated in the case of *Lick v. Dairyland Insurance Company*, 258 N.W.2d 791 (Minn. 1977), cited in *Oestreich*,

Where the tortfeasor carried liability insurance in an amount equal to the 'underinsured motorist' coverage carried by [plaintiff], the tortfeasor was not 'under insured'. The trial court properly granted summary judgment in favor of defendant.

The facts of the *Lick* decision substantially parallel those of the present case; the tortfeasor had carried the statutory minimum of liability insurance and the plaintiff the statutory minimum of underinsured motorist vehicle coverage. After receiving $10,000 from the tortfeasor's insurance carrier, plaintiff sued its own insurance carrier under the underinsured motorist provision. The court, in affirming summary judgment against the plaintiff, determined that since the tortfeasor and plaintiff had equivalent coverage, the underinsured motorist provision did not apply.

 The inapplicability of the underinsured motorist provision can also be seen in *Oestreich*. In *Oestreich*, the $20,000 per occurrence liability limit in the policy had been allocated between three injured parties so that the plaintiff's share had been *less* than his underinsured motorist coverage. Unlike the Minnesota statute construed in *Lick*. Art. 5.06–1(2)(b), provides for a comparison of the plaintiff's underinsured motorist coverage to the tortfeasor's coverage *as reduced by* payment of claims made to others arising from the same accident. Thus in *Oestreich*, the underinsured motorist coverage applied, as the plaintiff received only $9,750 from the tortfeasor's carrier, but had underinsured coverage of $10,000. The plaintiff was allowed recovery for the $250.00 differential from its own insurance carrier pursuant to the underinsured motorist provision. In the present appeal, however, only appellant's minor son was injured and appellants received the entire $10,000 per person liability coverage limit under Phillips' policy. Phillips was not an "underinsured motor vehicle" and the underinsured motorist provision did not apply. For this reason alone summary judgment below was proper.

For the sake of argument, if the underinsured motorist provision were to apply in the present case, appellants' recovery thereunder is clearly defeated as the insurance contract specifically requires that recovery be directly offset by amounts received from the underinsured tortfeasor's insurance carrier. The purpose of underinsured motorist coverage is to provide an individual injured by a motorist carrying insurance in an amount less than that required by law, or otherwise reduced by payments to other claimants in the same accident to an amount less than required by law, with no less coverage than the injured party would receive had the tortfeasor been fully insured or fully covered in relation to plaintiff's underinsured motorist coverage under the law. Appellants had $10,000 underinsured motorist coverage and received $10,000 from Phillips' insurance carrier; reduction of the appellee's liability under the policy by such amount does not defeat but rather upholds the rationale behind requiring underinsured motorist protection.

Appellants' point of error is overruled and the summary judgment below is affirmed.