Jacinto INFANTE, et al., Appellants

v.

TEXAS FARMERS INSURANCE COMPANY, Appellee.

No. 8724.

Court of Appeals of Texas, Beaumont.

June 24, 1982.

Rehearing Denied Aug. 5, 1982.

---

Thomas F. Rugg, Provost, Umphrey, Doyle & McPherson, Port Arthur, for appellants.

Dewey Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

CLAYTON, Justice.

This is a suit to recover benefits under the underinsured motorist provisions of a liability insurance policy issued by appellee, Texas Farmers Insurance Company, to appellant, Jacinto Infante. This case was submitted to the court upon an Agreed Statement of the case. Judgment was entered denying all relief prayed for by appellants.

The Agreed Statement of the case shows the following undisputed facts: Janice M. Infante, wife of Jacinto Infante and mother of Daniel Infante, was killed as the result of an automobile collision when her automobile collided headon with an automobile owned by Barbara Langley and driven by Robert Giles. Suit was brought for damages for her death on behalf of Jacinto and his minor son, Daniel, against Langley and Giles.

At the time of the collision, the automobile owned by Langley was covered by an automobile liability insurance policy issued by the United States Fidelity & Guaranty Insurance Company (U.S.F. & G.) with limits of $10,000 per person/$20,000 per accident.

By amended pleadings, appellants joined Texas Farmers Insurance Company (Farmers Insurance), as a party defendant. Farmers had issued a liability policy of insurance to Jacinto Infante providing coverage on the vehicle driven by his wife, Janice. This policy also included uninsured and underinsured motorist coverage pursuant to the terms and provisions of Art. 5.06–1, Tex.Ins.Code Ann. (1981), with limits of $10,000 per person/$20,000 per accident.

Appellants sought damages against Farmers Insurance under the underinsured provision of the policy.

Appellants subsequently settled their claim against U.S.F. & G. for $10,000, and judgment was entered in favor of appellants against Langley and Giles. Appellants then proceeded against Farmers Insurance. The trial court held that the vehicle owned by Langley and driven by Giles was not an underinsured vehicle as defined in the policy issued by Farmers Insurance and in Art. 5.06–1, Texas Insurance Code, and, accordingly, entered a take nothing judgment in favor of Farmers Insurance.

The parties have agreed that, if appellants are entitled to recover under the terms and provisions of the policy issued by Farmers Insurance, appellants will be entitled to a judgment against Farmers Insurance in the amount of $10,000.

Appellee contends that the limits of its underinsured motorist coverage are reduced by the payment of moneys recovered from the primary insurance carrier for the original defendants, and that since both policies afford a maximum recovery of $10,000, the underinsured coverage does not apply.

Appellants contend "that it is the limits of the primary coverage and the damages which are reduced by the payment of the primary insurance carrier. Since appellants' damages exceed $20,000, [they] are entitled to recover the limits of coverage afforded by their underinsured motorist coverage."

At the time this case was tried and submitted to the trial court, there were no reported Texas cases involving the precise question presented by the case at bar. Since that time, however, two cases have been reported—American General Fire and Casualty Company v. Oestreich, 617 S.W.2d 833 (Tex.Civ.App.—Eastland 1981, no writ), and Muller v. Allstate Insurance Co., 627 S.W.2d 775 (Tex.App.—Houston [1st Dist.] 1981, no writ). In each of these cited cases, appellants' contentions have been rejected.

Art. 5.06–1(2)(b), Texas Insurance Code, defines an underinsured motor vehicle as follows:

"The term 'underinsured motor vehicle' means an insured motor vehicle on which there is valid and collectible liability insurance coverage with limits of liability for the owner or operator which were originally lower than, or have been reduced by payment of claims arising from the same accident to, an amount less than the limit of liability stated in the underinsured coverage of the insured's policy."

Art. 5.06–1(5) provides:

"The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle."

In construing the above quoted *Arts. 5.06–1(2)(b)* and *5.06–1(5)*, the court in *American General Fire and Casualty Co. v. Oestreich*, supra, held a settlement from the primary defendant should be deducted from underinsured motorist coverage and not from damages incurred. In *Oestreich*, the plaintiffs had received $9,750 in settlement from the defendants' insurance carrier and then sought to recover $10,000 from their insurer under the underinsured motorist provisions of their policy. The court held that the plaintiffs were entitled to the difference between the $9,750 which they received from the tort feasor's insurance carrier and the $10,000 underinsured motor vehicle coverage.

In *Muller v. Allstate Insurance Co.*, supra, the court, under facts almost identical to those in the case at bar, denied recovery against the plaintiffs' insurance carrier under the underinsured motorist coverage.

■ The purpose of underinsured motorist coverage is to provide an individual injured by a motorist carrying insurance in an amount less than that required by law, or otherwise reduced by payments to other claimants in the same accident, to an amount less than required by law, with no less coverage than the injured party would receive had the tort feasor been fully insured or fully covered in relation to plaintiffs' underinsured motorist coverage under the law. *Muller v. Allstate Insurance Co.*, supra.

■ We agree with *Muller* and *Oestreich* and hold that the amount of the settlement from U.S.F. & G. should be deducted from the underinsured motorist coverage and not from the damages incurred. Where the amount of the settlement either exceeds or is equal to the limits of the underinsured motorist coverage, then there can be no recovery under such underinsured coverage.

Appellants had $10,000 underinsured motorist coverage and received $10,000 from the primary defendants' insurance carrier. Under these circumstances, pursuant to the provisions of *Arts. 5.06–1(2)(b)* and *5.06–1(5)*, and the provisions of the policy issued by Farmers Insurance, the Langley automobile was not an underinsured motor vehicle.

The judgment of the trial court is affirmed.

AFFIRMED.