Linda **RITCHIE**, Respondent,

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION**, Appellant.

No. C1–84–1781.

Court of Appeals of Minnesota.

March 12, 1985.

Edward I. Lynch, South St. Paul, for respondent.

Lawrence R. King, Michael J. Dwyer, St. Paul, for appellant.

Heard, considered and decided by SEDG-WICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

Insurer appeals a partial summary judgment reforming an insurance contract to provide statutorily-mandated optional underinsured motorist and residual liability coverage. The trial court reformed the contract because the insurer failed to offer the insured residual coverage, or to make a meaningful offer of underinsured motorist coverage. We affirm.

## FACTS

In July 1977, Linda Ritchie was a passenger in a car owned by her father. She was injured when the car left the road, overturned and struck an embankment. As a result of the accident, she is a quadriplegic confined to a wheel chair.

United Services Automobile Association insured the car involved in the accident and five other cars owned by Donald Ritchie, Linda's father. The policy afforded bodily injury liability coverage of $100,000 per person, $200,000 per occurrence. It did not include underinsured motorist coverage.

Before the accident Donald Ritchie received three brochures inviting him to purchase underinsured motorist coverage. United Services mailed the first brochure to Ritchie in December 1974 in anticipation of Minnesota's new no-fault law. He received the other brochures by mail before his renewals in September 1975 and 1976.

## ISSUES

1. Did the trial court err in implying residual liability coverage as a matter of law where an insurer failed to make a statutorily-mandated offer of such optional coverage?

2. Did the trial court err in implying underinsured motorist coverage as a matter of law where the insurer's offer misstated the law effective at the time of the accident?

## ANALYSIS

■■■ This case arises out of the now repealed mandatory optional coverage provisions of Minn.Stat. § 65B.49, subd. 6 (Supp.1977) (repealed 1980). The statute required insurers to offer their insureds certain optional coverages including residual liability coverage and underinsured motorist coverage. An offer satisfies the statutory requirement only if it provides the insured enough information to allow him to make an intelligent decision about the optional coverages. *League General Insurance Co. v. Tvedt*, 317 N.W.2d 40, 42 (Minn.1982). The insurer, not the insured, has the burden of proving that it made the mandatory offer of coverages. *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 248 (Minn.1980). Failure to meet that burden will result in the optional coverages being read into the policy by operation of law. *Id.* at 250. United failed to make the mandatory offer of residual liability coverage of not less than $25,000 per person/$50,000 per accident. Therefore, such optional residual liability coverage must be implied at law.

■■■ Underinsured motorist coverage must likewise be implied because United failed to offer Ritchie the coverage mandated by Minnesota law at the time. The coverage offered was defective in two critical respects. First, the United materials

stated that underinsured motorist coverage provided protection only when the liability limit of the insurance covering the negligent driver was less than the insured's underinsured motorist limit. Second, they stated that underinsured motorist benefits would be reduced by any amounts recovered from the negligent party.

Arguably both statements were legally accurate when made.[1] However, several months before the accident the legislature amended the no-fault act as follows to eliminate the liability limit and the set off provision:

### CHAPTER 266—S.F. 1338

An act relating to automobile insurance; clarifying certain ambiguous provisions in the Minnesota no-fault automobile insurance act; * * *

Sec. 3: Minnesota Statutes 1976, Section 65B.49, Subdivision 6, is amended to read:

Subd. 6. MANDATORY OFFER; ADD-ED COVERAGE. Reparation obligors shall offer the following option coverages in addition to compulsory coverages: * * *

(e) Underinsured motorist coverage <u>offered in an amount at least equal to the insured's residual liability limits and also at lower limits which the insured may select</u>, whereby ~~subject to the terms and conditions of such coverage~~ the reparation obligor agrees to pay ~~its insureds for such uncompensated~~ damages ~~as they are~~ <u>the insured is</u> legally entitled to recover on account of a motor vehicle accident <u>but which are uncompensated</u> because the total damages ~~they are legally entitled to recover~~ exceed the residual liability limit of the owner of the other vehicle~~, to the extent of the residual liability limits on the motor vehicle of the person legally entitled to recover or such~~

---

1. In 1980 the Minnesota Supreme Court held that the 1977 amendments were "clarifications" effective retroactively to January 1, 1975. *Holman*, 288 N.W.2d at 251. However, we need not determine whether the holding of *Holman* would render United's 1974, 1975 and 1976 of-

fers of underinsurance coverage legally inadequate when made. Since the accident occurred after the May 23, 1977 effective date of the amendments, we need only consider whether United's offer was legally valid after that date.

smaller limits as he may select less the amount paid by reparation obligor of the person against whom he is entitled to recover. ~~His~~ The reparation obligor ~~shall be~~ is subrogated to any amounts it pays and upon payment ~~shall have~~ has an assignment of the judgment if any against the other person to the extent of the money it pays.

Laws of 1977, ch. 266 § 3 (effective May 27, 1977).

None of United's offers to Ritchie conformed to the amended statute. The 1974, 1975, and 1976 materials did not give Ritchie the information needed to intelligently evaluate the optional underinsured motorist coverage mandated by the amended statute. Therefore, United's offer of underinsurance coverage was legally inadequate.

## DECISION

We affirm the trial court's decision reforming the insurance contract between United and Ritchie to provide statutorily-mandated optional underinsured motorist and residual liability coverage.