**William H. WEARN, Sr., et al., Respondents,**

v.

**ALLSTATE INSURANCE COMPANY, Appellant.**

No. C6–84–1646.

Court of Appeals of Minnesota.

April 16, 1985.

Review Denied June 27, 1985.

---

Virginia A. Marso, Schmitt, Johnson & Marso, St. Cloud, for respondents.

R. Gregory Stephens, Laura S. Underkuffler, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellant.

Heard, considered and decided by FORSBERG, P.J., and PARKER and LANSING, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from summary judgment entered against Allstate, implying underinsured motorists coverage into respondent Wearn's policy. The trial court held that Allstate had an affirmative duty to re-offer such coverage after a 1977 amendment changed the nature and scope of underinsured benefits. We affirm.

## FACTS

On January 23, 1978, respondent William Wearn was injured in an automobile accident involving an underinsured motorist. At the time of the accident Wearn had an insurance policy with appellant Allstate that did not include underinsured motorist coverage. Wearn has never paid for such coverage.

Both parties agree that Allstate's only attempt to offer underinsured motorists coverage was an insert stuffer ("Form X1455") sent to Wearn with his November 1975 premium notice. Form X1455 explained underinsured motorist coverage in terms later adopted by the supreme court in *Lick v. Dairyland Insurance Co.*, 258 N.W.2d 791 (Minn.1977). The so-called *Lick* rule allowed the insurer to offset the tortfeasor's liability limits against its own underinsured motorist coverage. However, in 1977 the legislature amended Minn. Stat. § 65B.49 subd. 6(e), removing all the language upon which the *Lick* court relied. Laws 1977, ch. 266, § 3. Two years after the accident in question, the supreme court held that the *Lick* rule, within the context of the No-Fault Act, made the mandatory offer meaningless. The court reasoned that the resulting dilemma provided impetus for the 1977 amendment. *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 250–251 (Minn.1980).

The trial court ruled that Form X1455 was an accurate statement of the law at the time the offer was made but that Allstate had an affirmative duty to re-offer coverage after the amendment changed the nature and scope of underinsured motorists coverage.

## ISSUE

Did the trial court err in requiring the insurer to re-offer underinsured motorists coverage after an amendment changed the nature and scope of such coverage?

## ANALYSIS

This issue has been decided by this court in *Ritchie v. United Services Automobile Association*, 363 N.W.2d 851 (Minn.Ct.App. 1985), in which we held that a written explanation of coverage which followed what was later termed the *Lick* rule was not an adequate offer once the statute was amended in 1977. In *Ritchie* as here, the accident involving the insured occurred several months after the amendment.

We adhere to the position set out in *Ritchie*. As the trial court held here, the 1977 amendment made the earlier mailer an inadequate offer of underinsured motorists coverage.

## DECISION

The trial court correctly determined that an adequate offer of underinsured motorists coverage had not been made.

Affirmed.