**Ronald STRACENER, Individually and as Natural Parent and Guardian of Tanya Stracener, a Minor, and Jackie Stracener and Tanya Stracener, a Minor, Individually and as Administrators of the Estate of Ladonna Renee' Stracener, Deceased, Appellants,**

**v.**

**UNITED STATES AUTOMOBILE ASSOCIATION, Appellees.**

**No. 01–87–00475–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1988.

Susan McAuliffe, Jimmy G. Williamson, Doherty & Williamson, P.C., Houston, for appellants.

Cliff Harrison, Tekell, Book & Matthews, Houston, for appellees.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a summary judgment granted in favor of appellee, United States Automobile Association ("USAA"), in an underinsured motorist coverage claim.

Appellants' decedent was killed on September 15, 1985, when the automobile in which she was a passenger was struck from the rear by a car driven by Robert M. Lampe. The parties stipulated in their briefs that Lampe's vehicle was covered by liability insurance and that appellants received $27,500 in settlement from Lampe's insurance carrier.

The parties also stipulated that the car in which decedent was a passenger at the time of the accident was protected by uninsured/underinsured motorist coverage policies issued by four different carriers. The amount of uninsured/underinsured motorist coverage available under the applicable policies was as follows:

| | |
|---|---|
| American National Property and Casualty Company | $100,000.00 |
| State Farm Mutual Automobile Insurance Company | $ 10,000.00 |
| Allstate Insurance Company | $ 25,000.00 |
| United Services Automobile Association | $ 15,000.00 |
| Total | $150,000.00 |

Appellants brought suit against these carriers and reached settlements with all but appellee. Rather than settle with appellants, appellee moved for and received a summary judgment on the grounds that the tortfeasor, Lampe, was covered by liability insurance in an amount greater than the limits of the underinsured coverage provided by USAA's policy, and he was therefore not an "underinsured" motorist as defined by the policy. Consequently, the USAA policy did not apply to cover the accident.

Appellants assert four points of error that will be considered together. First, appellants contend that the trial court erred in granting summary judgment for appellee because USAA's uninsured/underinsured motorist coverage was applicable and that all the insurance carriers were jointly and severally liable for the damages sustained by appellants up to the limits of each company's coverage. Appellants further urge that because the insurance proceeds ($27,500) available from the tortfeasor were less than the aggregate amount of uninsured/underinsured motorist coverage ($150,000) available to appellants under all four policies, they were, therefore, entitled to recover benefits from appellee, thereby causing the summary judgment to be improper. Appellants conclude by arguing that the summary judgment was inappropriate because the tortfeasor's vehicle qualified as an uninsured/underinsured motor vehicle under both the Texas Insurance Code and the USAA policy, therefore entitling appellants to be eligible for benefits from appellee.

The Texas Insurance Code defines an "underinsured motor vehicle" as:

an insured motor vehicle on which there is valid and collectible liability insurance coverage with limits of liability for the owner or operator which were *originally lower than,* or have been reduced by payment of claims arising from the same accident to, an amount less than *the limit of liability stated in the underinsured coverage of the insured's policy.*

Tex.Ins.Code Ann. art. 5.06–1(2)(b) (Vernon 1981) (emphasis added).

The Texas Motor Vehicle Safety–Responsibility Act mandates minimum limits permitted for underinsured motorist coverage. At the time of the accident, the liability limits were as follows:

[E]ffective January 1, 1984, not less than Fifteen Thousand Dollars ($15,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than Thirty Thousand Dollars ($30,000) because of bodily injury to or death of two (2) or more persons in any one accident, and, if the accident has resulted in injury to or destruction of property, to a limit of not less than Fifteen Thousand Dollars ($15,000) because of injury to or destruction of property of others in any one accident.

Tex.Rev.Civ.Stat.Ann. art. 6701h, sec. 5(c)6 (Vernon Supp.1988).

Part "C" of the USAA insurance policy owned by appellants describes its uninsured/underinsured motorist coverage and reads in pertinent part:

uninsured motor vehicle means a land motor vehicle or trailer of any type, ... [which includes] an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies but its limit of liability:

a. is less than the limit of liability for this coverage; or

b. has been reduced by payment of claims to an amount less than the limit of liability for this coverage.

Appellants' whole case rests on their ability to prove that the tortfeasor, Lampe,

was an underinsured motorist, thereby triggering appellee's duty to pay benefits under its policy. A careful examination of the language employed by the USAA policy is necessary, with attention focusing on the key phrase, "this coverage."

Appellants contend that USAA and the trial court have misconstrued this phrase to mean only that uninsured/underinsured motorist coverage that is provided by the USAA policy. Instead, appellants urge that the term "this coverage" refers to uninsured/underinsured motorist coverage generally, and that, consequently, the term "this coverage" means *all* uninsured/underinsured coverage available for an accident from *all* the policies held by the insured. For this accident, appellants claim that there was $150,000 available in uninsured/underinsured motorist coverage, and the liability insurance available ($27,-500) was less than the total uninsured/underinsured motorist coverage available, and therefore the vehicle was underinsured.

After reviewing the terms of the policy, and bearing in mind appellants' argument and interpretation, this Court has been unable to find any ambiguity in the policy's language. The language in issue simply means what it says, that "this coverage" refers only to the specific underinsured motorist coverage described in the USAA policy of which it is a part. Article 5.06–1(2)(b) supports this construction by defining "underinsured motor vehicle" as a vehicle on which there is liability insurance with limits in an amount *"less than the limit of liability stated in the underinsured coverage of the insured's policy."* Tex.Ins.Code Ann. art. 5.06–1(2)(b) (Vernon 1981) (emphasis added). Thus, the Insurance Code itself, by using the word "policy" in its singular form, indicates that whether a tortfeasor should be defined as an underinsured motorist for the purposes of an insured's particular policy must be governed by the terms (and the limits of coverage) of that same policy. If the legislature had intended the courts to look to other policies in determining whether a tortfeasor is an underinsured motorist for the purposes of a specific policy coverage

amount, it would have used the word "policies" in its plural form rather than the singular form it chose to use.

Lampe had motorist liability coverage that was in excess of both the $15,000 minimum required by art. 6701h and the $15,000 coverage provided by the USAA policy. Thus, under the terms of both the USAA policy's uninsured/underinsured motorist coverage provisions and the Texas Insurance Code, Lampe was neither an uninsured nor an underinsured driver. Tex.Ins.Code Ann. art. 5.06–1(2)(b) (Vernon 1981).

Appellants rely on *American Motorists Ins. Co. v. Briggs,* 514 S.W.2d 233 (Tex. 1974), and *American Liberty Ins. Co. v. Ranzau,* 481 S.W.2d 793 (Tex.1972), for the proposition that the carriers insuring the vehicle in which the decedent was a passenger were jointly and severally liable, up to the limits of their coverage, for the total amount of damages sustained by the insureds. However, neither *Briggs* nor *Ranzau* offer appellants any support because both cases involved *uninsured* drivers that caused injuries to other persons. Neither case is applicable to situations involving *underinsured* motorists, such as the case at bar. Further, the four uninsured/underinsured motorist carriers sued in this case were not jointly and severally liable, as not all the coverages under the policies applied.

When a tortfeasor carries liability insurance in an amount equal to or greater than the *underinsured* motorist coverage carried by the policy holder, the tortfeasor is not underinsured by definition and the policy holder is not entitled to recover underinsured motorist benefits. *Geisler v. Mid–Century Ins. Co.,* 712 S.W.2d 184 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Muller v. Allstate Ins. Co.,* 627 S.W.2d 775 (Tex.App.—Houston [1st Dist.] 1981, no writ). "Where the amount of the settlement either exceeds or is equal to the limits of the underinsured motorist coverage, then there can be no recovery under such underinsured coverage." *Infante v. Texas Farmers Ins. Co.,* 640 S.W.2d 321, 323 (Tex.App.—Beaumont 1982, writ ref'd n.r.e.).

We conclude that because Lampe's liability coverage exceeded appellants' underinsured motorist coverage, Lampe was not an underinsured motorist, and appellants were not entitled to recover under the uninsured/underinsured motorist benefits provisions of their USAA policy. Appellants' points of error are without support and are overruled.

The judgment of the trial court is affirmed.