**Amy UPSHAW and Greg Upshaw, Individually and as Independent Executors of the Estate of George Upshaw, Appellants,**

v.

**John D. PLEASANT, Brett Field, and the Trinity Companies, Appellees.**

No. 04–90–00633–CV.

Court of Appeals of Texas, San Antonio.

May 29, 1991.

Rehearing Denied July 16, 1991.

Thomas C. Hall, Law Office of Tom Hall, P.C., San Antonio, for appellants.

Georgianne Pavlick, Law Offices of Stephen F. White, Charles W. King, Law Office of Charles W. King, San Antonio, for appellees.

Before REEVES, C.J., and CHAPA and CARR, JJ.

OPINION

CHAPA, Justice.

Appellants, Amy Upshaw and Greg Upshaw, individually and as independent exec-

utors of the estate of George Upshaw, appeal the trial court's denial of declaratory relief.

On June 25, 1989, George Upshaw's vehicle was struck by a vehicle driven by John David Pleasant and owned by Brett Field; Mr. George Upshaw died as a result. At the time of the accident in question, Mr. Pleasant had in force, a policy of liability insurance providing liability benefits in a total amount of $25,000.00 per occurrence. The decedent had in force a single multi-vehicle insurance policy issued by the appellee, The Trinity Companies, providing coverage for the date of the accident in question with uninsured/underinsured motorist protection in the amount of $20,000.00 per person and $40,000.00 per accident. Appellee tendered the amount of $20,000.00, as the maximum amount available for bodily injuries to one person in an accident, to appellants. However, appellants contended that they were entitled to $40,000.00 under the policy.

This cause of action was instituted against the defendant driver for negligence, the owner of the defendant driver's vehicle for negligent entrustment, and the appellee, the decedent's insurance carrier, pursuant to the underinsured motorist policy. A motion for declaratory relief was filed which sought a determination that the uninsured/underinsured motorist coverage could be intra-stacked[1] to recover a maximum of $40,000.00 of available coverage under the decedent's policy, on the grounds that there were multiple vehicles insured under the single policy in question. The court denied the relief sought, and subsequently entered an order of severance, severing this determination from the case in chief. This appeal resulted.

The dispositive issue is whether intra-policy stacking of underinsured motorist coverage should be allowed for each vehicle listed under a single insurance policy to determine the maximum available underinsured motorist coverage for bodily injury to an individual claimant. Conceding that the issue is one of first impression, appellants assert the following as grounds for their position: 1) the policy is ambiguous; and, 2) public policy considerations necessitate the intra-stacking of the underinsured motorist coverage.

■ Appellants initially assert that they "should be permitted to 'stack' the coverage in question because the policy language is ambiguous." Appellants specifically assert that the language of the statute implies only one single limit in the "limit of liability" phrase found in the definition of "underinsured motor vehicle":

(b) The term "underinsured motor vehicle" means an insured motor vehicle on which there is valid and collectible liability insurance coverage with limits of liability for the owner or operator which were originally lower than, or have been reduced by payments of claims arising from the same accident to, an amount less than the *limit of liability* stated in the underinsured coverage of the insured's policy.

TEX.INS.CODE ANN. art. 5.06–1(2) (Vernon 1981) (emphasis added). The insurance policy, however, provides for two limits: a bodily injury limit of $20,000 for each person, and a total limit of $40,000 for each accident. This distinction, appellants insist, is sufficient to comply with their burden of establishing a fatal ambiguity. We are not persuaded by appellants' contentions, which are unsupported by authority.

It is uncontradicted that the relevant provisions of the policy in question follow the approved form of the Texas State Board of Insurance, and, as recognized by appellants, have not been rejected by any Texas Court. Further, the policy as a whole re-

---

**1.** " 'Stacking' refers to the ability of the insured, when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy alone would be inadequate.... 'Intra-policy stacking is the aggregation of the limits of liability for uninsured-motorist coverage of each car covered in one policy, whereas inter-policy stacking involves the aggregation of coverage under more than one policy.' " *United Serv. Auto. Ass'n v. Hestilow*, 754 S.W.2d 754, 755 n. 1 (Tex.App.—San Antonio 1988), *aff'd*, 777 S.W.2d 378 (Tex.1989), citing *Nationwide Insurance Co. v. Gode*, 187 Conn. 386, 446 A.2d 1059, 1160 n. 2 (1982) (citations omitted).

veals no ambiguity as to the limits of underinsured motorist coverage for bodily injury sustained by a single individual. In fact, the policy clearly states that "the limit of liability for 'each person' for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident", which, in this case was $20,000.00, as recognized by appellants.

Moreover, the legislature clearly intended to provide for two limits, and, in fact, stated:

> The forms promulgated under the authority of this section shall include provisions that, regardless of the number of persons insured, policies or bonds applicable, vehicles involved, or claims made, the *total aggregate limit of liability to any one person who sustains bodily injury* or property damage as the result of any one occurrence *shall not exceed the limit of liability for these coverages as stated in the policy* and the *total aggregate limit of liability to all claimants, if more than one, shall not exceed the total limit of liability per occurrence as stated in the policy....*

TEX.INS.CODE ANN. art. 5.06–1(2)(d) (Vernon 1981) (emphasis added). We hold that the policy was in compliance with the Texas Insurance Code and that appellants have failed to establish a fatal ambiguity as alleged. The first ground is rejected.

■ Appellants next argue that public policy considerations require intra-policy stacking of underinsured motorist coverage for each listed vehicle under a single policy. Appellants cite authorities from various jurisdictions, other than Texas, which do not set out the entire text of either the statute or the policy. Appellants further claim to find support in *Stracener v. United Serv. Auto. Ass'n*, 777 S.W.2d 378 (Tex. 1989).

However, *Stracener* did not involve the intra-policy stacking issue, but rather the issue of whether a claimant was entitled to inter-policy stacking of the limits of underinsured motorist coverage under *separate insurance policies* for the purpose of determining whether the tortfeasor was underinsured. Because the First Court of Appeals, in *Stracener*, 749 S.W.2d 158 (Tex.App.—Houston [1st Dist.] 1988), *rev'd*, 777 S.W.2d 378 (Tex.1989), held that inter-policy stacking was improper under these circumstances, and the Fourth Court of Appeals, in *United Serv. Auto. Ass'n v. Hestilow*, 754 S.W.2d 754 (Tex.App.—San Antonio 1988), *aff'd*, 777 S.W.2d 378 (Tex. 1989), held that inter-policy stacking was proper under the same circumstances, the Texas Supreme Court granted writ on both cases in order to resolve the issue. *Stracener*, 777 S.W.2d 378. The supreme court agreed with the Fourth Court of Appeals and reversed the First Court of Appeals, holding that inter-policy stacking of limits of underinsured motorist coverage on *separate insurance policies* was proper to determine whether a tortfeasor was underinsured. *Id.*

The court further stated:

> Originally enacted to provide for uninsured motorist protection, article 5.06–1, Act of Oct. 1, 1967, ch. 202, § 3, 1967 Tex.Gen.Laws 448, 449, was thereafter amended to add underinsured motorist coverage. Act of Aug. 29, 1977, ch. 182, § 1, 1977 Tex.Gen.Laws 370, 370–71. The Legislature had as its initial objective the protection of conscientious motorists from "financial loss caused by negligent financially irresponsible motorists...." Act of Oct. 12, 1967, ch. 202, § 3, 1967 Tex.Gen.Laws 448, 449. Further amendments in 1979 and 1981 resulted in the current form of the statute. Act of Jan. 1, 1980, ch. 626, § 1, 1979 Tex.Gen.Laws 1418; Act of Aug. 31, 1981, ch. 380, § 1, 1981 Tex.Gen.Laws 1002. *Inasmuch as the only change made in the above quoted portion of article 5.06–1(1) was the inclusion of the phrase "or underinsured", the strong underlying public policy applies equally to both uninsured and underinsured motorist coverage. Compare* Act of Oct. 1, 1967, ch. 202, § 3, 1967 Tex.Gen.Laws 448, 449 *with* Act of Aug. 31, 1981, ch. 380, § 1, 1981 Tex.Gen.Laws 1002.

*Id.* at 382 (emphasis added).

Therefore, in *Stracener*, the Texas Supreme Court made it clear that what ap-

plies to uninsured motorist coverage, equally applies to underinsured motorist coverage, at least when public policy is at issue. Considering that this issue is one of first impression as to underinsured motorist coverage, this issue must be decided on the basis of the text of the statute and how the Texas courts have dealt with uninsured motorist coverage.

TEX.INS.CODE ANN. art. 5.06–1(2)(d), (3), (5) (Vernon 1981), provides:

(d) The forms promulgated under the authority of this section shall include provisions that, regardless of the number of persons insured, policies or bonds applicable, vehicles involved, or claims made, the total aggregate limit of liability to *any one person who sustains bodily injury* or property damage as the result of any one occurrence *shall not exceed the limit of liability for these coverages as stated in the policy* and the total aggregate limit of liability to all claimants, if more than one, shall not exceed the total limit of liability per occurrence as stated in the policy; ...

(3) The *limits of liability for bodily injury* ... shall be offered to the insured in amounts not less than those prescribed in the Texas Motor Vehicle Safety–Responsibility Act and such higher available limits as may be desired by the insured, *but not greater than the limits of liability specified in the bodily injury liability provisions of the insured's policy.*

.     .     .     .     .

(5) The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles *because of bodily injury* ... *in an amount up to the limit specified in the policy....* (Emphasis added.)

Therefore, the clear language of art. 5.06–1 expresses the legislature's intent that the limits specified in the policy control the maximum recovery by an underinsured motorist claimant under any given policy.

■ Our review of Texas cases dealing with intra-policy stacking of uninsured motorist coverage in a single multi-vehicle policy, reveals that unless it is clear from the terms of the policy that an added premium charge to a basic policy for additional vehicles was for the purpose of increasing the policy limits, intra-policy stacking will not be permitted, and the limits listed on the policy will control the maximum amount recovered from any given policy. *Westchester Fire Ins. Co. v. Tucker,* 512 S.W.2d 679, 685 (Tex.1974); *Hartford Accident and Indem. Co. v. Turner,* 512 S.W.2d 687, 688 (Tex.1974) (opinion on rehearing); *Am. Liberty Ins. Co. v. Ranzau,* 481 S.W.2d 793 (Tex.1972).

Appellant does not contend, and as required by TEX.R.APP.P. 74, fails to direct this court to any part of this policy where it is made clear, that any additional premiums for additional vehicles were for the purpose of additional uninsured/underinsured motorist coverage. Further, our review of the policy, likewise fails to disclose such a purpose. Therefore, as in the cases dealing with uninsured motorist coverage, we hold that intra-policy stacking of underinsured motorist coverage under this policy is not permissible. Appellant has, thus, failed to show that the trial court erred. The complaint is rejected.

The judgment is affirmed.